**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
CHAD STEVEN HUMPHRIES,      :
                            :    Civ. No. 16-9552 (RMB)
           Petitioner,      :
                            :
      v.                    :    OPINION
                            :
WARDEN DAVID ORTIZ,         :
                            :
           Respondent.      :
_____ :

**BUMB,** United States District Judge

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) seeking relief from the collection of funds from his inmate trust account under the Inmate Financial Responsibility Program ("IFRP"). The Court must review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to the present petition through Rule 1(b). Rule 4 requires the Court to promptly review the petition, and, "if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

I.   BACKGROUND

Petitioner, housed at FCI Fort Dix, was convicted of mail and wire fraud in the United States District Court, Western District of North Carolina on January 21, 2011, and is serving a 180-month term of imprisonment. (Pet., ECF No. 1 at 2.) Petitioner raises two issues in the petition.  First, based on the sentencing court's restitution order to pay a lump sum payment of $906,153.81 due immediately, Petitioner asserts "the Federal Bureau of Prisons ["BOP"] does not have the authority to act as a collection agency for the District Court once the Petitioner did not have the financial resources to make immediate payment."  (Mem. of Law in Supp. of 28 U.S.C. § 2241, ECF No. 1-2 at 11.)

Second, Petitioner asserts the Judgment and Commitment Order in his criminal proceeding did not specify the statute under which restitution was imposed, therefore appellate review for abuse of discretion is not possible.  (Id. at 19.) Petitioner asserts the Victim Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A impose different requirements. (Id.) If the sentencing court applied the VWPA in his case, Petitioner contends the court failed to make the necessary findings under § 3663(a)(1)(b)(i)(ii); but if the court applied the MVRA, Petitioner contends the court failed to make the necessary findings under § 3664(f)(2). (Id. at 23.)

2

II. DISCUSSION

28 U.S.C. § 2241(c)(3) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . .

The issue of whether the BOP has authority to set the terms of restitution payments while a petitioner is incarcerated falls squarely within the type of claim that is properly raised in a petition under § 2241. U.S. v. Walker, 149 F. App'x 55, 57 (3d Cir. 2005). Therefore, the Court shall permit this claim to proceed.

On the other hand, a claim that challenges the sentencing court's restitution order, and not the BOP's execution of the order, must be brought in the sentencing court under 28 U.S.C. § 2255. Gardner v. Bledsoe, 415 F. App'x 384, 386 (3d Cir. 2011) (per curiam). Therefore, this Court lacks jurisdiction over Petitioner's second claim.

If a court construes a claim as arising under § 2255, the court should transfer the claim to the court having jurisdiction, if the interests of justice so require. See 28 U.S.C. § 1631. Petitioner has already brought a motion under 28 U.S.C. § 2255 in the sentencing court. *See Humphries v. U.S.*, Civil No. 1:12-cv-00056-MR, 2013 WL 4718473 (W.D.N.C. Sept. 3,

2013). Therefore, he must seek permission from the Fourth Circuit Court of Appeals before he can bring another § 2255 petition in the district court. See 28 U.S.C. § 2255(h).

The circuit court will not grant permission to file a second or successive § 2255 motion, unless the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner's claim that the sentencing court failed to provide the statutory basis for restitution does not appear to meet the requirements of § 2255(h). Therefore, it is not in the interests of justice to transfer this claim to the Fourth Circuit Court of Appeals. However, this Court's decision not to transfer should not be construed as barring Petitioner from seeking leave from the Fourth Circuit to bring this claim in a second or successive § 2255 motion with the United States District Court for the Western District of North Carolina.

III. CONCLUSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to the

4

present petition through Rule 1(b), Petitioner's first claim, challenging the BOP's execution of the restitution order, may proceed; but the Court lacks jurisdiction over Petitioner's second claim, which challenges the validity of the restitution order.

An appropriate Order follows.

DATED: February 14, 2017

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**