**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CHAD STEVEN HUMPHRIES, | : | |
| | : | Civil Action No. 16-9552(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVID ORTIZ, | : | |
| | : | |
| Respondent | : | |

This matter is before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1); Respondent's Answer (ECF No. 4); and Petitioner's Traverse (ECF No. 5.) For the reasons set forth below, the Court will deny the petition.

I.   BACKGROUND

   A.   The Petition

Petitioner is an inmate at the Federal Correctional Institution (FCI) in Fort Dix, New Jersey, who alleges the Bureau of Prisons ("BOP") violated his statutory, due process and double jeopardy rights by misinterpreting 18 U.S.C. § 3664 and taking monthly restitution payments out of his inmate trust account.[1]

---

[1] Petitioner also alleged the BOP incorrectly calculated the amount of restitution still owed. (Petr's Mem., ECF No. 1-2 at 11, ¶4.5.)

(Petr's Mem. in Supp. of 28 U.S.C. § 2241 ("Petr's Mem."), ECF No. 1-2 at 10.) Petitioner admits he did not exhaust his administrative remedies but he asserts exhaustion would be futile because he challenges a BOP policy. (Petr's Mem., ECF No. 1-2 at 11.)

On January 27, 2011, the Honorable Judge Martin Reidinger of the U.S. District Court, Western District of North Carolina, entered judgment and sentenced Petitioner to a 180-month term of imprisonment upon his conviction of conspiracy to commit mail fraud; aiding and abetting mail fraud, and aiding and abetting and wire fraud. United States v. Humphries, No. 09CR87-MR (W.D.N.C., Judgment, ECF No. 24)[2] Petitioner was ordered to pay an assessment fee and restitution in one "Lump Sum Payment of $906,153.81, due immediately." (Petr's Mem., ECF No. 1-2 at 10.) The Judgment and Commitment Order also directed that "the defendant shall participate in the Inmate Financial Responsibility Program ("IFRP.") (Id. at 11, ¶4.4.)[3]

> 1. GROUND ONE: The sentencing court erred by making his lump sum restitution payment due immediately and delegating the payment schedule to the Bureau of Prisons.

---

However, he did not provide any additional information about this allegation. Therefore, the Court cannot address this claim.

[2] Available at www.PACER.gov.

[3] In fact, the sentencing court checked a box on the form indicating that it made "*the following recommendations* to the Bureau of Prisons … participate in the Federal Inmate Financial Responsibility Program. United States v. Humphries, 09-cr-87-MR (W.D.N.C., Judgment at 2, ECF No. 24) (emphasis added).

Petitioner contends that because he could not pay the lump sum restitution immediately, the sentencing court erred by ordering immediate payment because it implicitly delegated to the Bureau of Prisons or probation office the district court's obligation to schedule payments. (Petr's Mem., ECF No. 1-2 at 11-16, citing United States v. Prouty, 303 F.3d 1249, 1254-55 (11th Cir. 2002); United States v. Corley, 500 F.3d 210, 225-27 (3d Cir. 2007) vacated and remanded on other grounds by 556 U.S. 303 (2009); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); United States v. Lemoine, 546 F.3d 1042, 1048 (9th Cir. 2008); United States v. Kinlock, 174 F.3d 297, 301 (2nd Cir. 1999); United States v. Martin, 278 F.3d 988 (9th Cir. 2002); Unites States v. Miller, 406 F.3d 323 (5th Cir. 2005); United States v. Ward, No. CR 02-5231 AWI, 2008 WL 5220959 (E.D. Cal. Dec. 12, 2008); United States v. Gunning, 401 F.3d. 1145 (9th Cir. 2005)). Petitioner concludes that because the sentencing court failed to set forth a proper payment schedule, the BOP lacks authority to collect restitution payments through the IFRP. (Petr's Mem., ECF No. 1-2 at 16.)

Petitioner acknowledges that the BOP created the IFRP procedure to "help [ the ] inmate develop a financial plan" and then "monitor the inmate's progress" in meeting the terms of that plan. (Petr's Mem., ECF No. 1-2 at 17-18, citing 28 C.F.R. §§

545.10, 545.11.) Nonetheless, Petitioner contends the sentencing court cannot delegate its power to set his payment schedule to the BOP.

        2.    GROUND TWO: <u>The failure of the district court to specify whether it ordered restitution under the VWPA or the MVRA prevents a determination of whether the court properly exercised its discretion in fashioning the restitution order.</u>

Petitioner asserts that his Judgment and Commitment Order does not identify the statutory basis for the restitution award, the Victim Witness Protection Act ("VWPA"), 18 U.S.C. § 3663 or the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. (Petr's Mem., ECF No. 1-2 at 19.) Due to this alleged error, Petitioner seeks an order instructing the Federal Bureau of Prisons to Cease and Desist the collection of funds from his inmate account and list petitioner as EXEMPT from participation in the Inmate Financial Responsibility Program. (<u>Id.</u> at 26.)

B.    <u>The Answer</u>

Respondent urges the Court to dismiss the petition because Petitioner failed to exhaust his administrative remedies. (Answer, ECF No. 4 at 2-3.) Alternatively, Respondent contends the petition fails on the merits because Petitioner opted to participate in the IFRP and authorized the BOP to calculate his FRP payments and collect the funds. (<u>Id.</u>) Additionally, Respondent argues the Court lacks jurisdiction over Petitioner's challenge to the validity of the restitution order. (<u>Id.</u> at 3.)

4

1. Exhaustion of administrative remedies

The BOP's administrative remedy procedure is set forth at 28 C.F.R. §§ 542.10 *et seq.* (Declaration of Tara Moran ("Moran Decl." ECF No. 4-1, ¶3.) According to BOP records, Petitioner has not filed any administrative remedy requests regarding his IFRP payments. (Moran Decl., Ex. 2, ECF No. 4-2 at 6.) Respondent contends that an inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241, is a proper basis for dismissal. (Answer, ECF No. 4 at 11, citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Although exhaustion of administrative remedies is not required where exhaustion would be futile, Respondent submits that Petitioner's futility argument is unsupported by facts or law. (Id. at 14.)

2. The BOP's IFRP policy

As part of the initial prisoner classification process, staff assist inmates in developing a financial plan for meeting financial obligations and, at subsequent program reviews, staff consider the inmate's efforts to fulfill those obligations as indicative of his acceptance and demonstrated level of responsibility. (Answer, ECF No. 4 at 5, citing 28 C.F.R. § 545.10; BOP Program Statement ("P.S.") 5380.08.)[4] The financial plan, among other things,

---

[4] BOP Program Statements are available at
https://www.bop.gov/resources/policy_and_forms.jsp.

5

includes payment for assessments, court-ordered restitution, fines and costs. (Answer, ECF No. 4 at 5, citing P.S. 5380.08 at 5-6.) To develop an inmate's financial plan, the inmate's Unit Team will: (1) determine the total funds deposited into the inmate's trust fund account for the previous six months; (2) subtract the IFRP payments made by the inmate during the previous six months; and (3) subtract $450 (i.e., $75 x 6 months, phone exclusion, to allow inmates to communicate under the Inmate Telephone System ("ITS")). (Id. at 6.)

### 3. Petitioner's IFRP History

On January 27, 2011, the Honorable Martin Reidinger, United States District Court for the Western District of North Carolina, issued a Judgment and Commitment Order in Criminal Case 09-CR-87-1. (Id.) The sentencing court imposed a $1,300.00 felony assessment and $906,153.81 restitution. (Moran Decl., Ex. 3, ECF No. 4-2 at 8.) The court indicated that payment was to begin immediately and "criminal monetary penalties shall be due during the period of imprisonment. . . ." (Id. at 9.)

On March 17, 2015, at FCI Edgefield, Petitioner entered into an IFRP contract in which he agreed to pay $25.00 per quarter to satisfy his financial obligations. (Answer, Moran Decl., Ex. 4, ECF No. 4-2 at 13.) On August 2, 2016, after Petitioner was transferred to FCI Fort Dix, Petitioner entered into another IFRP contract in which he agreed to pay $25.00 per month to commence

6

during the month of November 2016. (Answer, Moran Decl., Ex. 5, ECF No. 4-2 at 16.) As of February 2017, Petitioner had paid $450.00 toward the $1,300.00 assessment (which has now expired according to 18 U.S.C. § 3013(c)) and $125.00 toward the $906,153.81 restitution order. (Answer, Moran Decl., Ex. 6, ECF No. 4-2 at 20.)

    4.    <u>Respondent contends Petitioner's voluntary participation in the IFRP program defeats any challenge to his payment calculation.</u>

The Comprehensive Crime Control Act of 1984, the Federal Debt Collection Procedure Act of 1990, the Victim and Witness Protection Act of 1992, and the Victims Crime Act of 1994, all require a diligent effort on the part of all law enforcement agencies to collect court-ordered financial obligations. (Answer, ECF No. 4 at 15, citing BOP P.S. 5380-08.) The IFRP was established to further this goal and to encourage each sentenced inmate to meet his legitimate financial obligations. (<u>Id.</u>, citing 28 C.F.R. §§ 545.10 to 545.11; BOP P.S. 5380.08).

To the extent that Petitioner challenges the validity of the IFRP, Respondent notes that such challenges have been uniformly rejected. (<u>Id.</u>, citing e.g. <u>Balter v. Martinez</u>, 477 F. App'x 873, 875 (3d Cir. 2012); <u>United States v. Lemoine</u>, 546 F.3d 1042, 1048 (9th Cir. 2008)). Throughout his incarceration in the BOP, Petitioner has signed an FRP contract, agreeing to pay monies toward the imposed assessment and restitution. (Moran Decl., Exs.

7

4, 5, ECF No. 4-2 at 12-17.) Respondent asserts that an inmate's voluntary participation in the FRP defeats any challenge to the payment plan. (Answer, ECF No. 4 at 17, citing Duronio v. Werlinger, 454 F. App'x 71, 74 (3d Cir. 2011)).

     5.   Jurisdiction under 28 U.S.C. § 2241.

Respondent contends "Section 2241 'cannot be used to challenge just the restitution part of a sentence when the custody supporting jurisdiction is actual imprisonment.'" (Answer at 17, quoting Duronio, 454 F. App'x at 73 n.3 (per curiam) (citing Arnaiz v. Warden, 594 F.3d 1326, 1330 (11th Cir. 2010)). A challenge to the restitution order should be brought on direct appeal. (Answer at 17, citing United States v. Banks, 422 F. App'x 137, 140 (3d Cir. 2011); United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007)). If an inmate "fails to raise a challenge to restitution at sentencing or on direct appeal" the inmate "is barred from challenging the validity of the restitution order in collateral proceedings." (Id., quoting Balter, 164 F. App'x at 212 (citing Cani v. United States, 331 F.3d 1210, 1213-14 & n.2 (11th Cir. 2003) (internal citations omitted)).

  C.   The Traverse

In his Traverse, Petitioner's points out that in his Judgment and Commitment Order, under the heading "Schedule of Payments," the sentencing court checked Box (B) for "Payment to begin immediately[.]" (Petr's Traverse, ECF No. 5 at 1.) The court did

8

not check Box (C), which provides for installment payments beginning after the date judgment is entered. (Petr's Traverse, ECF No. 5 at 2 (Judgment p.5, Schedule of Payments.))

The court checked Box (D) on the Judgment and Commitment Order, which reads

> Payment in equal <u>monthly</u> (E.g. weekly, monthly, quarterly installments of $ <u>50.00.</u> To commence <u>60 days</u> (E.g. 30 or 60 days after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may requires the court to establish or modify a payment schedule if appropriate. 18 U.S.C. § 3572.

(<u>Id.</u>) If the sentencing court intended the BOP to collect monthly payments, Petitioner contends it would have checked Box (C) and commenced payment after the date judgment was entered. (Traverse at 1.) Petitioner maintains that the sentencing court ordered that Petitioner begin making $50.00 monthly payments after his release from prison. (<u>Id.</u>)

II. DISCUSSION

    A.   <u>Exhaustion of Administrative Remedies</u>

Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. <u>Moscato v. Fed. Bureau of Prisons</u>, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted). Exhaustion is required for three reasons: "(1) allowing the appropriate agency

to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). Exhaustion is not required in situations that would not promote these goals. See e.g. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion is futile if the actions of the agency clearly and unambiguously violate statutory or constitutional rights or administrative procedure is clearly shown to be inadequate to prevent irreparable injury).

Petitioner asserts exhaustion is futile because the BOP violated his statutory and constitutional rights. Examination of the petition, however, indicates that it is the sentencing court, not the BOP, whom Petitioner contends violated his rights by entering an improper restitution order and permitting the BOP to schedule his restitution and assessment payments. To the extent Petitioner contends the BOP violated his constitutional rights by scheduling his payments pursuant to an unlawful Judgment and Commitment Order, for the reasons discussed below, the actions of the BOP do not clearly and unambiguously violate Petitioner's constitutional rights. Therefore, exhaustion of administrative remedies is not futile, and the Court will dismiss the petition

10

without prejudice. The Court alternatively addresses the merits of the petition, beginning with jurisdiction over the issues presented.

> B. Jurisdiction over Challenges to Sentencing Court's Restitution Order

A challenge to the overall validity of a district court's restitution order should be made on direct appeal. United States v. Banks, 422 F. App'x 137, 140 (3d Cir. 2011) (per curiam); Duronio, 454 F. App'x at 73 n.3. For an inmate to challenge the execution of his/her sentence under § 2241, the inmate would "need to allege that the BOP's [] monthly payment demand was "somehow inconsistent with a command or recommendation in the sentencing judgment." United States v. Snyder, 601 F. App'x 67, 71 (3d Cir. 2015) (per curiam) (citing Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir.), cert. denied, ---U.S. ----, 133 S.Ct. 805 (2012)).

Petitioner's arguments in his memorandum in support of the petition are directed at challenging the Judgment and Commitment Order entered by the sentencing court, an issue that must be raised on direct appeal. In fact, Petitioner supports his arguments by cases that were properly brought on direct appeal. Petitioner asserts that: (1) the sentencing court erred by making his lump sum restitution payment due immediately and delegating the payment schedule to the Bureau of Prisons; and (2) the district court failed to specify whether it ordered restitution under the VWPA or

the MVRA, preventing a determination of whether the court properly exercised its discretion in fashioning the restitution order. This Court lacks jurisdiction over these issues under § 2241.

In his traverse, however, Petitioner asserts that because the sentencing court checked Box D on the judgment form, indicating that Petitioner should make $50.00 monthly payments upon his release, the sentencing court did not intend for Petitioner to make payments while incarcerated. The Court construes this as a claim that the BOP payment plan is inconsistent with "a command or recommendation" in the judgment," a claim over which this Court has jurisdiction. See Snyder, 601 F. App'x at 71.

The Judgment and Commitment Order recommends payment of the restitution and assessment *before* release. In addition to ordering $50 monthly payments after release, the sentencing court also noted that payment was due immediately and included the following special instruction.

> Unless the court has expressly ordered otherwise in the special instructions above [the boxes indicating special instructions are unchecked], if this judgment imposes a period of imprisonment payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties are to be made payable to the United States District Court Clerk … except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

12

United States v. Humphries, 09-cr-87-MR (W.D.N.C., Judgment at 5, ECF No. 24) As discussed above, the sentencing court also recommended in the Judgment and Commitment Order that Petitioner participate in the IFRP. See supra n.4. The Judgment and Commitment Order is not inconsistent with Petitioner's participation in the IFRP, making monthly payments toward restitution and the assessment while incarcerated.

    C.   <u>Jurisdiction over Challenges to BOP's IFRP Program</u>

Jurisdiction exists under 28 U.S.C. § 2241 for a federal prisoner to challenge the execution of his sentence. <u>McGee v. Martinez</u>, 627 F.3d 933, 935 (3d Cir. 2010)(citing <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001); <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005)). "The IFRP is meant to 'encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations.'" <u>Id.</u> at 936 (quoting 28 C.F.R. § 545.10). Those financial obligations include an order for restitution and a special assessment imposed as part of a criminal judgment. <u>Id.</u>

Through the IFRP, prison staff help an inmate develop a financial plan and monitor the inmate's progress in meeting his obligations. <u>Id.</u>, citing 28 C.F.R. § 545.11. Therefore, by creating and monitoring an inmate's financial plan to pay obligations imposed as part of a criminal judgment, the IFRP is a means of executing a sentence. <u>Id.</u> Petitioner can challenge the BOP's execution of his sentence through use of the IFRP.

D. Petitioner Agreed to IFRP Payments

Petitioner concludes that because the sentencing court failed to set forth a proper payment schedule, the BOP lacks authority to collect restitution payments through the IFRP. (Petr's Mem., ECF No. 1-2 at 16.) Petitioner, however, may not challenge the validity of the restitution order in this § 2241 petition. He may only challenge the BOP's execution of his sentence through use of the IFRP.

"An inmate may voluntarily enter into the IFRP by signing a contract, and give the BOP authority to collect additional monies toward her restitution obligation[.]" Snyder, 601 F. App'x at 70 (citing 28 C.F.R. § 545.11(a)-(b)). "'[T]he inmate's participation cannot be compelled.'" Id., quoting United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010)). By entering into an IFRP, a petitioner provides the BOP the authority to collect restitution funds. Duronio, 454 F. App'x at 73.

Petitioner entered into an IFRP contract on March 17, 2015, in which he agreed to pay $25.00 per quarter to satisfy his financial obligations. (Answer, Moran Decl., Ex. 4, ECF No. 4-2 at 13.) On August 2, 2016, Petitioner entered into another IFRP contract in which he agreed to pay $25.00 per month, commencing in November 2016. (Answer, Moran Decl., Ex. 5, ECF No 4-2 at 16.)

14

Petitioner entered into contracts to make monthly payments in the IFRP and has not shown that the BOP improperly executed his sentence by setting up and monitoring his IFRP payments.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies. In the alternative, the Court lacks jurisdiction over challenges to Petitioner's restitution order, and Petitioner's challenge to the BOP's execution of his sentence through the IFRP is denied.

Dated: November 21, 2018

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**